fair value of plaintiff's services was 12½% of gross sales. In the face of this evidence the trial court, in the light of all the evidence, reduced the award to 7½% of such sales. It is true that this was the percentage fixed by the oral agreement, but, in addition, the court found that the additional 5% claimed by plaintiff was not for the purpose of compensation. While the imprecise language of the informal decision may be confusing, it may be found by a careful reading thereof that a finding was made independent of the oral agreement that the fair value of the services was 7½% of the gross sales. Concur — Botein, P. J., Breitel, McNally, Eager and Bastow, JJ.

■ PHILIP GERSH, Respondent, v. KASPAR & ESH, INC., et al., Appellants.— Order entered on January 17, 1961, insofar as it denies defendants-appellants' motion, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, to dismiss the first, second, fourth and fifth causes of action in the amended complaint, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, McNally, Eager and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENJAMIN ROSEN, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, McNally, Eager and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. JUAN FIGUEROA.— Motion for an enlargement of time granted insofar as to permit the appeal to be heard on the original record, without printing the same, except that a certified copy of the information shall be substituted in place of the original information, and upon typewritten or mimeographed appellant's points, on condition that the appellant serves one copy of the typewritten or mimeographed appellant's points upon the District Attorney of New York County, and files 6 typewritten or 19 mimeographed copies of appellant's points, together with the original record, with this court on or before September 12, 1961, with notice of argument for the October 1961 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Rabin, McNally and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. IRVING MISHEL.— Motion for an enlargement of time granted, and the time within which to perfect the appeal is further enlarged to the November 1961 Term of this court. Concur — Botein, P. J., Rabin, McNally and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. EURPIDES CANCEL.— Motion to dismiss appeal granted. Concur — Breitel, J. P., Rabin, Valente, McNally and Bastow, JJ.

■ SALVADOR BENADON v. JORGE ANTONIO.— Motion for a stay denied, with $10 costs. The stay contained in the order to show cause, dated April 13, 1961, is vacated. Concur — Breitel, J. P., Rabin, Valente, McNally and Bastow, JJ.

■ COMMISSIONER OF WELFARE OF THE CITY OF NEW YORK v. MICHAEL JANICKI.— Motion for an order to vacate order of the Court of Special Sessions of the City of New York, New York County, and for other relief denied. Concur — Breitel, J. P., Rabin, Valente, McNally and Bastow, JJ.

■ HILDA M. CARDY v. VERNON G. CARDY.— Motion to dismiss appeal from order of the Supreme Court, New York County, entered on April 4, 1961 denied, with $10 costs. Concur — Breitel, J. P., Rabin, Valente, McNally and Bastow, JJ.

■ HILDA M. CARDY v. VERNON G. CARDY.— Motion to dismiss appeal from orders of the Supreme Court, New York County, entered on March 13, 1961 and March 24, 1961, denied, with $10 costs. Motion for consolidation granted insofar as to allow appellant to have the appeals heard together in one

appeal book, without duplication of printing. The respective parties are permitted to file one set of points covering all three appeals. Concur — Breitel, J. P., Rabin, Valente, McNally and Bastow, JJ.

■ HARRY A. SHARPE v. EMPIRE STATE MUTUAL SALES, INC., et al.— Motion for leave to appeal as a poor person denied with leave, however, to renew on a better showing of merits and lack of assets or income. Concur — Breitel, J. P., Rabin, Valente, McNally and Bastow, JJ.

■ ANN MANN, Also Known as SHAINDEL MANN and SHAINDEL M. LIBMAN, v. PAUL MANN, Also Known as YISROL P. M. LIBMAN.— Motion for a stay and for other relief granted on condition that the defendant-appellant continues to pay to the plaintiff-respondent the sum of $100 per week and on the further condition that the appellant procures the record on appeal and appellant's points to be served and filed on or before May 25, 1961, with notice of argument for June 6, 1961, said appeal to be argued or submitted when reached. That branch of the motion seeking to dispense with the printing in the record on appeal of the testimony and exhibits before the Official Referee is granted on condition that the original stenographic transcript of the testimony taken at the hearings before the Official Referee and the exhibits are filed with this court on or before May 25, 1961. In all other respects, the motion is denied. Concur — Breitel, J. P., Rabin, Valente, McNally and Bastow, JJ .

■ In the Matter of the Estate of JAMES MANGANARO, Deceased. NINA D. ORTO; THOMAS DE ROSA.— Motion to dismiss appeal for failure to prosecute granted, with $10 costs. Concur — Breitel, J. P., Rabin, Valente, McNally and Bastow, JJ.

■ In the Matter of the Probate of the Will of HERMAN CARPEN, Deceased. MURRAY CARPEN; DAVID M. POTTS.— Motion to dispense with printing granted insofar as to permit the appeal to be heard on the original record, without printing the same, and upon typewritten or mimeographed appellant's points, on condition that the appellant serves one copy of the typewritten or mimeographed appellant's points upon the attorney for proponent-respondent and files 6 typewritten or 19 mimeographed copies of appellant's points, together with the original record, with this court and on the further condition that appellant files an undertaking in the sum of $250 as required by section 298 of the Surrogate's Court Act. Concur — Breitel, J. P., Rabin, Valente, McNally and Bastow, JJ.

■ (A) JOHN A. STEPHEN, Formerly Known as HANS AUGSTEIN, et al., v. ZIVNOSTENSKA BANKA NATIONAL CORPORATION. (B) EDWIN B. WOLCHOK, as Receiver of ZIVNOSTENSKA BANKA NATIONAL CORPORATION v. STATNI BANKA CESKOSLOVENSKA, Also Known as STATE BANK OF CZECHOSLOVAKIA.— Motion by the United States of America for leave to file a brief granted and movant is permitted to file a brief amicus curiæ on or before the Wednesday preceding the first day of the term for which the appeal is noticed for argument. Concur — Breitel, J. P., Rabin, Valente, McNally and Bastow, JJ.

■ In the Matter of the Final Accounting of BONNIE BOURNE et al., as Executors of SAUL H. BOURNE, Deceased. MARY M. BOURNE, Also Known as BONNIE BOURNE, Appellant; MARY E. KEEDICK, Also Known as BEEBE BOURNE, et al., Respondents.— Order entered on April 17, 1961, denying appellant's motion for an order directing executors Mary E. Keedick and Joseph Trachtman to accept the U. S. Treasury Department's presently proposed valuation of $3,450,000 of the estate-owned music publishing corporations as of the time of decedent's death, or, in the alternative, directing the removal of any executor failing and refusing to comply with the Surrogate's direction, unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. No opinion. Concur — Botein, P. J., Breitel, Stevens, Eager and Bergan, JJ.